UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

STEVEN K. BOU,

        Plaintiff,

        Case No. 2:19-cv-62

v.

        Honorable Paul L. Maloney

CATHERINE BAUMAN,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    **I.**     **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. The events about

which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Michigan. Plaintiff sues LMF Warden Catherine Bauman.

Plaintiff alleges that he worked as a porter at LMF. On November 30, 2018, while performing his porter duties, a rescue dog bit him on his right knee. Plaintiff alleges that the bite was so severe that a tendon popped out from behind his patella.

The MDOC runs a Rescue Dog Training Program in the Level II housing unit at LMF. *See* https://www.michigan.gov/corrections/0,4551,7-119-68854_1381_1385-5324--,00.html (last visited April 11, 2019). Plaintiff alleges that another inmate and a corrections officer had been previously bitten by the same dog. Plaintiff claims that, because of the prior incidents, the dog was ordered to wear a muzzle while in the inmate population. Nonetheless, the dog was not wearing a muzzle when it bit Plaintiff. He blames Defendant Bauman for his injury because she "knew of this situation and did not enforce the muzzle rule." (Compl., ECF No. 1, PageID.3.) Essentially, Plaintiff contends that because Defendant Bauman is generally responsible for the safety and security of the inmates, she is liable for his injury.

Plaintiff notes that Defendant Bauman came in the next day, Saturday, to take the dog to be euthanized. Defendant Bauman, however, failed to stop by Plaintiff's cell and apologize.

Plaintiff seeks $325,000.00 in compensatory and punitive damages and he wants his knee repaired.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not identify a specific constitutional right violated by Defendant Bauman; however, his claim that she failed to protect him from the dog, construed liberally, sounds like an Eighth Amendment claim for deliberate indifference to Plaintiff's safety.

### III. Eighth Amendment

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish liability under the Eighth Amendment, Plaintiff must show that Defendant acted with "deliberate indifference" to a substantial risk of harm to the prisoner. *Farmer,* 511 U.S. at 834. Deliberate indifference means that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The requirement for a substantial risk of harm "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

Plaintiff has failed to allege facts that support an inference that Defendant Bauman was deliberately indifferent to the risk that Plaintiff might be harmed by the dog. He alleges that Defendant Bauman knew that the dog had bitten another inmate and a corrections officer; but, he also notes that because of those incidents, the dog was ordered to be muzzled. Plaintiff implicitly acknowledges that if the dog had been muzzled it would not have posed a risk of harm to him.

Plaintiff does not allege that Defendant Bauman was aware that the dog was not muzzled. Thus, based on Plaintiff's allegations, there is no reason to believe that Defendant Bauman was aware of facts from which the inference might be drawn that the dog posed a substantial risk of serious harm to Plaintiff. Plaintiff's factual allegations, at most, support an inference of negligence. Mere negligence is insufficient to state a claim under the Eighth Amendment. *Farmer*, 511 U.S. at 835.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   April 23, 2019                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge